Ivan R. Novich, Esq. (N.J. Bar No. 038311996)
Francis A. Raso, Esq. (N.J. Bar No. 202232017)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
Factory Mutual Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE SAQA, <br><br>                 Plaintiff, <br><br> vs. <br><br> FACTORY MUTUAL INSURANCE COMPANY, <br><br>                 Defendant. | Civil Action No.  1:23-cv-3994 <br><br> **NOTICE OF REMOVAL** <br><br> <u>**Electronically Filed**</u> |

**TO:   THE CLERK AND THE HONORABLE JUDGES
        OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY**

Defendant Factory Mutual Insurance Company ("Defendant") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Morris County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and states:

## STATE COURT ACTION

1.  Plaintiff George Saqa ("Plaintiff") commenced this action on December 22, 2022 by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County, captioned *George Saqa v. Factory Mutual Insurance Company*, bearing Docket No. MRS-L-2199-22 ("the State Court Action").  In his Complaint, Plaintiff asserts claims of religious discrimination and retaliation arising under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e *et seq.*; and the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.  Plaintiff also asserts common law claims for wrongful termination and unjust enrichment.  Attached as **Exhibit 1** is a copy of Plaintiff's Complaint and the attachments thereto.

2.  Defendant was served with a copy of Plaintiff's Complaint on June 27, 2023.  Attached as **Exhibit 2** is the Affidavit of Service that Plaintiff uploaded to the electronic docket in the State Court Action.

3.  The aforementioned documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4.  This Notice of Removal is timely filed within 30 days of June 27, 2023, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

5.  This Notice of Removal is also filed within one year of the commencement of the State Court Action, and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR REMOVAL

6.  Defendant removes this action based on federal question subject matter jurisdiction under 28 U.S.C. § 1331 and diversity subject matter jurisdiction under 28 U.S.C. § 1332.

## FEDERAL QUESTION JURISDICTION

7.  This Court has original, federal question subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. The Third Circuit Court of Appeals has explained that a case "arises under" federal law when federal law "'creates the cause of action asserted.'"  *Goldman v. Citigroup Glob. Mkts., Inc.,* 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 257

(2013)); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

8.  Here, Count II of Plaintiff's Complaint expressly arises under Title VII of the Civil Rights Act of 1964, i.e., a federal statute.  *See* Exhibit 1 at 6-7, ¶¶ 1-4.  Thus, this Court has original, federal question subject matter jurisdiction, and Defendant may properly remove the case pursuant to 28 U.S.C. § 1331, § 1441(a), and § 1441(c).

9.  In addition, this Court may exercise supplemental subject matter jurisdiction over any of Plaintiff's state law claims that are "so related" to his Title VII claim that they "form part of the same case or controversy under Article III of the United States Constitution."  *See* 28 U.S.C. § 1367(a).

10. Plaintiff's NJLAD, CEPA, and common law claims are premised upon facts that are identical to those forming the basis of his Title VII Claim.  *See generally* Exhibit 1. Specifically, Plaintiff premises *all* of his claims on the contention that Defendant refused to accommodate his request for a religious exemption from a COVID-19 vaccine mandate, and that Defendant terminated his employment due to his refusal to obtain the vaccine.  *See generally id.*

11. Because all of Plaintiff's claims are part of the same "case or controversy" as contemplated by Article III, it would be wholly proper for this Court to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## DIVERSITY JURISDICTION

12. This Court has diversity subject matter jurisdiction over a case where the dispute is between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. §

1332(a)(1).  As explained below, the State Court Action meets both of these requirements, and this Court would thus retain subject matter jurisdiction even if Plaintiff were to relinquish his Title VII claim.

**A.  <u>Citizens of Different States</u>**

13. Plaintiff is an individual, and in his Complaint, he alleges that he is a resident of New Jersey.  *See* Exhibit 1 at 1.  Defendant's records confirm that Plaintiff's last known address is in Bound Brook, New Jersey.  Thus, for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of New Jersey.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (stating that a "natural person" is "deemed to be a citizen of the state" in which he is "domiciled") (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)).

14. As of the time when Plaintiff filed his Complaint, and as of the time of this removal, Defendant was and is a corporation.  For purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  The United States Supreme Court has explained that the phrase "principal place of business" refers to the place where a corporation's "high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (citations omitted).

15. Here, Defendant is incorporated in Rhode Island, not in New Jersey.  *See* (Defendant's Articles of Incorporation, attached as **Exhibit 3**).  In addition, Defendant maintains its principal place of business and corporate headquarters in Rhode Island, not in New Jersey. *See* (Defendant's Fictitious Business Name Statement, attached as **Exhibit 4**).  Thus, for

purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332, Defendant is a citizen of Rhode Island.

16.  Because Plaintiff and Defendant are citizens of different states, complete diversity of citizenship exists between the parties.

**B.  <u>Amount in Controversy</u>**[1]

17. When removal is based upon diversity of citizenship and the plaintiff does not plead a demand for a specific sum, "the notice of removal may assert the amount in controversy," and the removing defendant need only establish it as more likely than not that the amount exceeds the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

18. Here, according to a reasonable reading of Plaintiff's Complaint, the amount in controversy in the State Court Action exceeds the sum or value of $75,000, as required by 28 U.S.C. § 1332(a).

19. In his Complaint, Plaintiff alleges that Defendant wrongfully terminated his employment as a Jurisdiction Consultant II in January 2022.  *See generally* Exhibit 1.  In addition to his cause of action arising under Title VII, Plaintiff asserts claims of religious discrimination and retaliation in violation of the NJLAD and CEPA, as well as New Jersey common law claims for wrongful termination and unjust enrichment.  *See id.* at 5-9.  Plaintiff seeks compensatory damages, statutory damages, punitive damages, attorney fees, interest,

---

[1] Defendant does not concede that Plaintiff's allegations are true, or that they have any merit. Rather, Defendant provides the following information only to demonstrate that Plaintiff's claims and corresponding requests for relief exceed the $75,000 jurisdictional requirement.

4870-7075-0322.1 / 107335-1005

reimbursement for costs of suit, and "such other relief [as] the Court deems equitable and just." *Id.* at 5-9.

20.  As of the date of his termination in January 2022, Plaintiff was earning an annual salary of $102,586.80. *See* (2021 Merit Confirmation Statement, attached as **Exhibit 5**). Thus, arguendo, if Plaintiff prevailed on any or all of his claims, his economic compensatory damages would be based on his $102,586.80 annual salary. Additionally, a jury could award Plaintiff non-economic compensatory damages for emotional distress. *See, e.g., Klawitter v. City of Trenton*, 395 N.J. Super. 302, 335-36 (App. Div. 2007) (affirming an award of $79,538 in damages for emotional distress); *see also Maiorino v. Schering-Plough Corp.*, 302 N.J. Super. 323 (App. Div. 1997) (affirming an award of compensatory damages that included $55,000 for emotional distress).

21.  As stated above, Plaintiff also seeks attorney fees. *See* Exhibit 1 at 5-9. The Third Circuit Court of Appeals has stated that attorney fees are "necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)). Because both the NJLAD and CEPA provide for the prevailing party's recovery of attorney fees, *see* N.J.S.A. 10:5-27.1; N.J.S.A. 34:19-5(e), the Court should consider these fees as part of its calculation.

22.  Finally, as stated above, Plaintiff also seeks an award of punitive damages. *See* Exhibit 1 at 5-9. The Third Circuit Court of Appeals has stated that punitive damages should be incorporated into the amount in controversy calculation and has further stated that claims for punitive damages should be "aggregated" with requests for compensatory damages. *See, e.g., Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("[A] request for punitive

6

damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); *see also Goralski v. Shared Techs., Inc.*, Civil Action No. 09-2461 (KSH), 2009 U.S. Dist. LEXIS 69042, at *15-16 (D.N.J. Aug. 7, 2009) (same).

23. For all of the foregoing reasons, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the jurisdictional minimum of $75,000. Thus, this Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332.

## **VENUE**

24. This Notice of Removal has been filed in the United States District Court for the District of New Jersey, i.e., the District and Division within which the State Court Action is pending, as required by 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).

## **NOTICE TO PLAINTIFF AND STATE COURT**

25. Upon filing this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Mr. Daryl J. Kipnis, Esq., Kipnis Law Offices, 280 Medford-Mt. Holly Road, Medford, NJ 08055, pursuant to 28 U.S.C. § 1446(d).

26. Defendant also filed a copy of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Morris County, pursuant to 28 U.S.C. § 1446(d).

27. By filing this Notice of Removal, Defendant does not waive any objections or defenses available at law, in equity, or otherwise.  Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

28. If the Court should be inclined to remand this action, Defendant respectfully requests that the Court issue an Order to Show Cause why the case should not be remanded, providing

4870-7075-0322.1 / 107335-1005

Defendant with an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

29. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

<u>**RELIEF REQUESTED**</u>

30. Defendant respectfully requests that the United States District Court for the District of New Jersey assume jurisdiction over this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
Factory Mutual Insurance Company

By:   */s/ Francis Raso*
      Ivan R. Novich, Esq.
      Francis A. Raso, Esq.

Dated:  July 26, 2023

8

# EXHIBIT 1

**KIPNIS LAW OFFICES**
Daryl J. Kipnis, Esq. - 023812006
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
Phone: 732-595-5298
Fax: 732-412-7925
Attorney for Plaintiff

| | |
|---|---|
| GEORGE SAQA | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART MORRIS COUNTY |
| Plaintiff | |
| vs. | Docket No. MRS-L- Civil Action |
| FACTORY MUTUAL INSURANCE COMPANY D/B/A FM GLOBAL | **COMPLAINT & JURY DEMAND** |
| Defendant | |

PLAINTIFF, George Saqa, residing at 185 West High St., Bound Brook, NJ 08805  by way

of Complaint against the above-named Defendant, says as follows:

## THE PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, George Saqa, (hereinafter "Saqa" or "Plaintiff" was an employee of Defendant

   Factory Mutual Insurance Company D/B/A FM Global, who was hired on December 3,

   2001, and worked for said Defendant until the time of his termination on January 4, 2022.

   His most recent job title was Jurisdiction Consultant II, and his job responsibilities were

   to inspect boilers at various facilities of Defendant's insureds.

2. Defendant Factory Mutual Insurance Company D/B/A FM Global, (Hereinafter "FM" or

   "Defendant") with a place of business located at 300 Kimball Dr., Parsippany-Troy Hills,

NJ 07054, is and is a business entity which holds itself out to the public as an issuer of commercial property insurance. It is responsible for Plaintiff's damages herein.

3. Venue and jurisdiction is proper in the Superior Court of New Jersey, Morris County, Law Division, Civil Part by virtue of the location of Defendant.

<u>**ALLEGATIONS OF FACT**</u>

1. In September of 2021, Defendant Factory Mutual Insurance Company D/B/A FM Global announced to its office-based employees that they would be required to partake in the use of a COVID-19 vaccine product and provide proof of same by November 15, 2021 as a continued condition of employment. It instructed its employees that they may request a religious and/or medical accommodation from said requirement. Plaintiff requested same on or about November 12, 2021 after he was specifically told the mandate applied to him on November 10, 2021 as a field employee. Plaintiff communicated that he cannot partake in the use of a vaccine whose creation and development was supported by abortion as same contravened his sincerely-held religious beliefs. A copy of same is attached hereto as **Exhibit "A."**

2. Thereafter, on November 17, 2021, Julie J. Libutti, Defendant's Manager of Human Resources Business Partners sent Defendant an email enclosing a document which questioned and "gaslighted" Plaintiff's stated religious beliefs, claiming that various major organized religions all approved of COVID-19 vaccination, and informing him that if he "would nonetheless still like to move forward" with his request, he would need to complete a questionnaire seeking additional information from him, which Plaintiff understood to be Defendant informing him that his religious beliefs as stated were unworthy of Defendant's respect or understanding, and an attempt to intimidate and/or dissuade him from proceeding with his accommodation request. Plaintiff

~ 2 ~

responded to this questionnaire. Copies of this documentation are attached hereto as **Exhibit "B."**

3.  Thereafter, on December 6, 2021, Plaintiff received the enclosed document from Ms. Libutti on behalf of Defendant attached hereto as **Exhibit "C"** indicating that Defendant denied his religious exemption request, stating that he has "not shown a satisfactory basis for an accommodation on religious grounds." This document communicated the ultimatum that Plaintiff partake in the use of a product forbidden by his faith by December 13, 2021 or else his position will be terminated effective January 4, 2022.

4.  Thereafter, Plaintiff retained the undersigned counsel to communicate with Defendants concerning the improper denial of his religious accommodation request. The undersigned prepared the enclosed statement with Plaintiff's participation which was signed by Plaintiff and submitted to Defendants on December 9, 2021. Same provided extensive details concerning Plaintiff's faith-based objection to the use of COVID-19 vaccine products as well as all other vaccines and immunizations, and cited to specific Christian religious texts faith which outlined his religious beliefs regarding same in order to furnish Defendant with additional information, and as to how said beliefs were consistently applied by Plaintiff. The statement explained Plaintiff's reasons as to why he felt that FM's denial of his accommodation request was improper in contravention to applicable law, and requested that same now be accommodated. A true copy of this statement is attached hereto as **Exhibit "D."**

5.  Instead of discharging its obligations under law to engage in a good faith "interactive process" with Plaintiff following submission of his religious accommodation request,

Defendant instead subjected him to an overly oppressive and intrusive inquisition following which it denied same, wherein it harvested sensitive personal information from him without any intention of giving said information any proper respect or consideration. Despite being informed on numerous occasions by Plaintiff and his counsel that Plaintiff honestly and reasonably believed it had violated the law, Defendant instead retaliated by repeatedly telling Plaintiff that his religious beliefs were either fabricated, insincere, or otherwise unworthy of their respect and/or acceptance, bullying him into violating his religious beliefs under threat of losing his income, and ultimately, terminated Plaintiff's employment effective January 4, 2022.

6. On information and belief, Defendant permitted other individuals performing the same or substantially similar work to Plaintiff to continue working without being vaccinated for COVID-19, either by granting their requests for a religious accommodation, or otherwise.

7. As a result of Defendants' actions, Plaintiff has suffered the loss of his position which he spent 20 years of his career, and been damaged.

8. On March 3, 2022, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging he was discriminated against on the basis of his age and religion. On September 23, 2022, the EEOC issued a Notice of Right to Sue to Plaintiff. True copies of both documents are attached hereto as **Exhibit "E"**

## COUNT ONE – VIOLATION OF THE NEW JERSEY LAW AGAINST

## DISCRIMINATION N.J.S.A. 10:5-1 *Et. Seq.*

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. The actions of Defendants and their staff as described above, *inter alia*, in failing to consider Plaintiff's religious accommodation request in good faith and in accordance with law via the absence of a required "interactive process," their attempts to "single-out" Plaintiff and treat him differently than other employees who requested religious accommodations, their repeated attempts to gaslight Plaintiff's professed religious beliefs in which they communicated their utter lack of respect for same, their continuous demands that he partake in the use of a product they knew to be forbidden by his faith under threat of termination, and their retaliation against Plaintiff for having requested a religious accommodation, leading up to and including the termination of his employment, constitute violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq.*

3. As a direct and proximate result of the above-described actions of the Defendants, Plaintiff has been damaged and his civil rights under law have been violated.

WHEREFORE Plaintiff demands judgment against Defendants jointly, severally, and in the alternative for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees and treble damages as may be applicable pursuant to the applicable "fee shifting" statutes, pre-judgment

~ 5 ~

interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just.

## COUNT TWO – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. The above-described actions of Defendant, *inter alia*, constitute unlawful employment discrimination against Plaintiff based upon his sincerely held religious beliefs, and Defendant's failure to engage in a proper "interactive process" with Plaintiff when it either knew or should have known that it imposed employment-related requirements upon him that violated said beliefs, and despite Plaintiff's numerous good faith efforts to attempt to provide additional information for Defendant's consideration concerning his religious beliefs, even with the assistance of counsel, it refused to consider same, and instead terminated his employment in contravention to 42 U.S.C. § 2000e et seq, in violation of Plaintiff's civil rights, under the legal theories of "failure to accommodate," "disparate treatment," and "retaliation" based upon Plaintiff's religious beliefs and/or his age.

3. Plaintiff has complied with the requirements of law to obtain a Notice of Right to Sue from the EEOC in order to assert a private cause of action under this Act, and the instant action was commenced within the applicable time period to do so.

4. As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has been damaged.

WHEREFORE Plaintiffs demand judgment against Defendant for an award of compensatory, statutory, exemplary and/or punitive monetary damages in an amount to be determined at time of trial, together with an award of his counsel fees, pre-judgment interest accruing to the date of entry of judgment, costs of suit, and such other relief the Court deems equitable and just.

## COUNT THREE – VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

1.  Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2.  Plaintiff engaged in a protected "whistle-blowing" activity by complaining to Defendant as to the propriety of its religious accommodation "process," which he honestly and reasonably believed to be unethical and/or illegal, and Defendant subsequently took adverse employment action against Plaintiff in retaliation for same by, *inter alia*, repeatedly dismissing his religious beliefs as unworthy of respect, repeatedly demanding that he partake in the use of a product which contravened his sincerely held religious beliefs, and ultimately by terminating his employment, in contravention to the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*

3.  As a direct and proximate result of the above-described actions of the Defendant, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law,

together with an award of counsel fees and treble damages as may be applicable pursuant to
the applicable "fee shifting" statutes, pre-judgment interest accruing to the date of entry of
judgment pursuant to <u>R.</u> 4:42-11, costs of suit, and such other relief the Court deems
equitable and just.

## <u>COUNT FOUR – WRONGFUL TERMINATION</u>

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set
   forth herein.
2. The above-described actions of the Defendants resulted in the wrongful termination of his
   employment at common law.
3. As a direct and proximate result of the above-described actions of the Defendants,
   Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages,
punitive damages, and treble damages pursuant to <u>N.J.S.A.</u> 34:11-56.13 & <u>N.J.S.A.</u> 10:5-
12(t) and as otherwise provided by law, together with counsel fees, pre-judgment interest
accruing to the date of entry of judgment pursuant to <u>R.</u> 4:42-11, costs of suit, and such other
relief the Court deems appropriate.

## COUNT FIVE – UNJUST ENRICHMENT

1. Plaintiff repeats and re-alleges all allegations of the Complaint as if fully set forth herein.

2. Defendants' conduct in terminating Plaintiff rather than compensating him appropriately for the work he performed as described above has caused Defendants to become unjustly enriched, and said profits must be disgorged as a matter of law and equity.

3. As a direct and proximate result of same, Plaintiff have been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants jointly, severally, and in the alternative for compensatory damages, punitive damages, and treble damages pursuant to N.J.S.A. 34:11-56.13 & N.J.S.A. 10:5-12(t) and as otherwise provided by law, together with counsel fees, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems appropriate.

KIPNIS LAW OFFICES
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 22, 2022

## DEMAND FOR TRIAL BY JURY

Pursuant to <u>R</u>. 4:35-1, Plaintiff hereby demands trial by jury on all issues so triable.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 22, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R</u>. 4:25-4, Daryl J. Kipnis, Esq. is hereby designated as trial counsel for the Plaintiff.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 22, 2022

## **DEMAND FOR INSURANCE INFORMATION**

Pursuant to R. 4:10-2(b), Plaintiff hereby demands from each named Defendant herein the

production of a copy of any and all insurance agreements under which the Defendants may be

covered to satisfy part of all of a judgment which may be entered in this action or to indemnify

or reimburse them for payments made to satisfy such judgment.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 22, 2022


## **CERTIFICATIONS PURSUANT TO R. 1:38-7 AND R. 4:5-1**

I certify that any confidential personal identifiers have been redacted from any documents now

submitted to the Court and will be redacted from all documents submitted in the future in

accordance with R. 1:38-7(b). I further certify that the matter in controversy is not the subject of

any other court action or arbitration proceeding, now or contemplated, and that no other parties

should be joined in this action.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: December 22, 2022

~ 11 ~

**Saqa, George**

| | |
|---|---|
| **From:** | Saqa, George |
| **Sent:** | Friday, November 12, 2021 2:34 PM |
| **To:** | Libutti, Julie |
| **Subject:** | Request For Religious Exemption/Accommodation Related to FM Global's COVID-19 Vaccination Policy |
| **Attachments:** | FM Global Employee Request for Medical Exemption-Accommodation.pdf |

Hello Julie--Happy Friday,

Please see my attached request for a religious exemption/accommodation regarding FM's COVID-19 vaccination policy.  Thanks and have a great weekend.

Regards,

**George Saqa** | Jurisdictional Consultant
FM Global | 300 Kimball Drive, Suite 200 | Parsippany, NJ 07054
**T:** 973-541-6718 | **M:** 732-266-9859 | **E:** george.saqa@fmglobal.com

**FREE Resources**
FM Global Loss Prevention Data Sheets | FM Approval Guide | FM Global Resource Catalog | FM Global Online Training

*This electronic transmission, including any attachments, is the property of FM Global. It may contain information confidential in nature or subject to legal privilege. It may also include information developed to reduce the possibility of loss to property.  FM Global undertakes no duty to any party by providing such information.  Disclosure, copying, distribution, or use of the contents of this transmission by anyone other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify me by reply e-mail and delete the original transmission.*

# EXHIBIT "A"

1

FM Global

**REQUEST FOR MEDICAL OR RELIGIOUS EXEMPTION/ACCOMMODATION RELATED TO FM GLOBAL'S COVID-19 VACCINATION POLICY**

**GENERAL INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS FORM**

To complete a request for a medical exemption/accommodation from Factory Mutual Insurance Company (**FM Global** or **Company**) under the Americans with Disabilities Act (**ADA**) or a religious exemption/accommodation under Title VII of the Civil Rights Act of 1964 (**Title VII**) related to FM Global's COVID-19 Vaccination Policy, **please complete this form and return it to your HR Business Partner within five (5) calendar days of receipt from the Company**. This information will be used by Human Resources to engage in an interactive process to determine eligibility for, and identify possible, accommodations.

If an employee declines to complete the enclosed form and any associated documentation, it may impact the Company's ability to adequately understand the employee's request or effectively engage in the interactive process to determine eligibility for reasonable accommodation under the ADA or Title VII and identify possible accommodations.

Page 1 of 4

FM Global

## REQUEST FOR MEDICAL OR RELIGIOUS EXEMPTION/ACCOMMODATION RELATED TO FM GLOBAL'S COVID-19 VACCINATION POLICY

**Part 1 – To Be Completed by Employee**

Name: ___George Saga___

Position/Title: ___Jurisdictional Specialist___          Date of Request: ___11/12/21___

Type of accommodation requested [**check all that apply**]:

_____ Qualifying Medical Condition[1]                    __X__ Sincerely Held Religious Belief

Length of time the accommodation is needed: ___For the entire duration that FM Global deems necessary.___

Describe the job-related and/or workplace accommodations you are requesting: __In lieu of receiving a__ COVID-19 vaccination, I request the reasonable accommodation of allowing me to perform weekly COVID-19 testing, wearing an N-95 mask during all times of direct social interactions with clients, washing/sanitizing hands often, and continue to follow social distancing guidelines to retain my current position as a Jurisdictional Specialist.__

For **qualifying medical conditions only**, please attach the Health Care Provider Form for Medical Exemption completed by your treating physician.[2]

For **sincerely held religious belief only**, please briefly describe the religious principle, practice, tenet, or belief supporting your request <u>and</u> why this principle, practice, tenet, or belief conflicts with or precludes you from receiving a COVID-19 vaccination.

> I am notifying you that I am experiencing a conflict between my sincerely held religious beliefs and receiving the COVID-19 vaccine. God created me with a naturally robust immune system, and I will not alter His design. It is a sin against my God-given conscience to allow unwanted intrusions into my body that would interfere with His perfect creation.
>
> There is no specific tenet that I can quote to you since *my* personal religious beliefs are *my* own. I am not affiliated with any particular mainstream religion. I am a spiritual being created by God the way He intended. Being coerced to inject the COVID-19 vaccine into my body would alter my biological anatomy at a cellular level, thereby negating God's creation. This activity would be in extreme conflict with my sincerely held religious beliefs.
>
> Please note that these are *my* sincerely held religious beliefs. The law does not recognize the need for employers to consult " religious scholars" or examine "church doctrine" regarding the vaccine. A religious exemption request is made by each *individual*, based on each *individual's* sincerely held religious, ethical and/or moral beliefs, not the tenets or beliefs of a church, doctrine, religion, or religious scholars.

[1] A qualifying medical condition is one that is based on standard criteria for medical exemptions recommended by the Centers for Disease Control (**CDC**) and Prevention or Advisory Committees on Immunization Practices (**ACIP**) or physical conditions or medical circumstances such that the COVID-19 vaccine is not considered safe.
[2] The Company may request additional information and/or documentation from you about your qualifying medical condition to assist the Company in (i) determining your eligibility for a reasonable accommodation, and (ii) identifying the most appropriate accommodation.



## REQUEST FOR MEDICAL OR RELIGIOUS EXEMPTION/ACCOMMODATION RELATED TO FM GLOBAL'S COVID-19 VACCINATION POLICY

**Employee Attestation**

I certify that this form and the information I am submitting in support of my request for an accommodation is truthful, complete, and accurate to the best of my knowledge. I understand that any intentional misrepresentation contained in this request may result in the denial of my request and in disciplinary action up to and including termination of employment. I also understand that my request for an accommodation may not be granted if it is not reasonable, if it poses a direct threat to the health and/or safety of others in the workplace and/or to me, or if it creates an undue hardship on the Company. If this is a request based on a sincerely held religious belief, I further certify that the foregoing description supporting my request for a religious exemption from the COVID-19 vaccination is true, correct, and based upon sincerely held religious beliefs, observances, or practices.

Employee signature: _George Saga_   Date: _11/12/21_

Print Name: _George Saga_

**Saqa, George**

| | |
|---|---|
| **From:** | Saqa, George |
| **Sent:** | Thursday, November 25, 2021 1:03 PM |
| **To:** | Libutti, Julie |
| **Subject:** | RE: Request For Religious Exemption/Accommodation Related to FM Global's COVID-19 Vaccination Policy |
| **Attachments:** | Religious Exemption Request Additional Information Letter - G Saqa - Signed.pdf |

Hello Julie—Happy Thanksgiving!

Please see the attached questionnaire letter requiring additional information regarding my religious exemption/accommodation request.  Thanks..

Regards,

**George Saqa** | Jurisdictional Consultant
FM Global | 300 Kimball Drive, Suite 200 | Parsippany, NJ 07054
**T:** 973-541-6718 | **M:** 732-266-9859 | **E:** george.saqa@fmglobal.com

**FREE Resources**
FM Global Loss Prevention Data Sheets  |  FM Approval Guide  |  FM Global Resource Catalog  |  FM Global Online Training

*This electronic transmission, including any attachments, is the property of FM Global. It may contain information confidential in nature or subject to legal privilege. It may also include information developed to reduce the possibility of loss to property.  FM Global undertakes no duty to any party by providing such information.  Disclosure, copying, distribution, or use of the contents of this transmission by anyone other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify me by reply e-mail and delete the original transmission.*

**From:** Libutti, Julie <julie.libutti@fmglobal.com>
**Sent:** Wednesday, November 17, 2021 8:27 PM
**To:** Saqa, George <george.saqa@fmglobal.com>
**Subject:** RE: Request For Religious Exemption/Accommodation Related to FM Global's COVID-19 Vaccination Policy

Hello George-

Please find attached a letter from the company requesting additional information for your religious exemption request.

Please complete the form and return to me within 10 calendar days.

Thanks,
Julie

Julie J. Libutti  | Manager, HR Business Partners

# EXHIBIT "B"

1

Global | 270 Central Ave. | Johnston, RI 02919 USA | T: +1 (1)401 415 2232 | M: +1 (1)401 932 3858

 FM Global

*This electronic transmission is the property of Factory Mutual Insurance Company and its affiliates. It may contain information confidential in nature or subject to legal privilege. It is intended strictly for the use of the recipient(s) identified above. Disclosure, copying, distribution or use of the contents of this transmission by anyone other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify me by reply email and delete the original transmission.*

**From:** Saqa, George <george.saqa@fmglobal.com>
**Sent:** Friday, November 12, 2021 2:34 PM
**To:** Libutti, Julie <julie.libutti@fmglobal.com>
**Subject:** Request For Religious Exemption/Accommodation Related to FM Global's COVID-19 Vaccination Policy

Hello Julie--Happy Friday,

Please see my attached request for a religious exemption/accommodation regarding FM's COVID-19 vaccination policy.  Thanks and have a great weekend.

Regards,

**George Saqa** | Jurisdictional Consultant
FM Global | 300 Kimball Drive, Suite 200 | Parsippany, NJ 07054
**T:** 973-541-6718 | **M:** 732-266-9859 | **E:** george.saqa@fmglobal.com

**FREE Resources**
FM Global Loss Prevention Data Sheets | FM Approval Guide | FM Global Resource Catalog | FM Global Online Training

*This electronic transmission, including any attachments, is the property of FM Global. It may contain information confidential in nature or subject to legal privilege. It may also include information developed to reduce the possibility of loss to property.  FM Global undertakes no duty to any party by providing such information.  Disclosure, copying, distribution, or use of the contents of this transmission by anyone other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify me by reply e-mail and delete the original transmission.*



November 17, 2021

**Sent Via E-Mail**

George Saqa
George.saqa@fmglobal.com

Dear George,

Factory Mutual Insurance Company its affiliates and subsidiaries (**Company**) are in receipt of your request for a religious exemption from the Company's COVID-19 Vaccination Policy. As you may be aware, in reviewing your request, the Company assesses:

1. Is the belief religious?;

2. Is the belief sincerely held?; and

3. Would providing a reasonable accommodation impose an undue hardship on the Company?

As a reminder, please be aware that personal, political, and other non-religious beliefs or views are not required to be accommodated. Furthermore, for a religious belief to be accommodated, it must be sincerely held. If you are willing to receive the vaccine without further review of your request, please know that vaccines are widely available.

We acknowledge that you are making a request based on your faith although not one that appears to be in accordance with the views of the vast majority of religious denominations.

In fact, many Christian denominations have no theological objections to vaccinations, including Roman Catholicism, Eastern Orthodox, Oriental Orthodox, Amish, Anglican, Baptist, The Church of Jesus Christ of Latter-Day Saints (Mormon), Congregational, Episcopalian, Jehovah's Witness, Lutheran, Mennonite, Methodist (including African Methodist Episcopal), Quaker, Pentecostal, Presbyterian, Seventh-Day Adventist, Unitarian-Universalist. Further, leaders in these denominations have found there is no reason to refuse the vaccine and have encouraged Christians to receive the vaccine. Moreover, the Christian Medical & Dental Associations encourage Christians to receive the COVID-19 vaccine to care for themselves and their neighbors.

Jewish leaders regard vaccination as a mitzvah or commandment, meaning Jewish law obligates those of the Jewish faith to vaccinate themselves and encourage others within their care to receive the vaccine against COVID-19. Jewish leaders have consistently supported mandatory immunizations.

We also note that none of the COVID-19 vaccines contain any ingredients that come from any animals and are safe and highly effective in combating the virus.

If you would nonetheless still like to move forward with your request, please note that, after an initial review of your request, the Company has determined that additional information is required to aid in the evaluation of your request. To that end, attached you will find a questionnaire for completion. If you would like the Company to continue its review of your request, you must return the completed questionnaire to Julie.libutti@fmglobal.com by **November 15, 2021.** If we do not receive a response by such date, we will assume that you have withdrawn your request. Please note, the Company reserves its right to request additional information in support of your request for an accommodation and will comply with all applicable laws in determining whether it is able to accommodate your request without undue hardship to the Company.

Finally, if you need support, please remember to utilize our health and well-being resources, especially our Employee Assistance Program, which is confidential and available 24 hours a day, seven days a week. Contact the U.S. provider, New Directions, at +1 (1)800 624 5544 (toll-free in the U.S.) or https://eap.ndbh.com/Home/Login, company code: fmglobal.

Regards,

Julie J. Libutti
Manager, Human Resources Business Partners

**Questionnaire**

1. Given what we have noted in our letter to you dated November 12, 2021, please clarify the precise connection between your religious principle, practice, tenet or belief and your inability to receive a COVID-19 vaccine and why:

   As stated in my original request for a religious exemption, I believe that God created me with a naturally robust immune system and I sincerely believe that it is a sin to allow any unwanted intrusions into my body that would interfere with His perfect creation. The COVID-19 vaccine is an unwanted intrusion into my body that would interfere with His perfect creation. Injecting the COVID-19 vaccine into my body would alter my biological anatomy at a cellular level, thereby negating God's creation. This activity would be in extreme conflict with my sincerely held religious beliefs. Therefore, I am requesting a religious exemption.

2. In support, please provide an independent statement of religious doctrine, from an authoritative religious leader or body where your religion has same, explaining what prohibits followers of your religious principle, practice, tenet or belief from receiving a COVID-19 vaccine:

   I am not affiliated with any particular mainstream religion or doctrine and do not submit to or follow religious leaders. My personal religious beliefs are my own. These are my sincerely held religious beliefs therefore I cannot provide any statement from an authoritative religious leader. Furthermore, the law does not recognize the need for employers to consult religious scholars or examine church doctrine regarding vaccines. A religious exemption request is made by each individual based on each individual's sincerely held religious beliefs and not the tenets or beliefs of a church, doctrine, religion, or religious scholar.

3. Since the age of 18, have you received any vaccination(s) (please circle YES or NO only – **do not provide any additional information at this time** and please note that we reserve the right to ask your medical practitioner to confirm your response): YES (NO)

4. Since the age of 18, have you taken any pharmaceutical(s) (drugs), whether prescription or non-prescription (over-the-counter) (please circle YES or NO only – **do not provide any additional information at this time** and please note that we reserve the right to ask your medical practitioner to confirm your response): YES (NO)

**Employee Attestation**

I certify that this questionnaire and the information I am submitting in support of my request for an accommodation is truthful, complete, and accurate to the best of my knowledge. I understand that any intentional misrepresentation contained in this request may result in the denial of my request and in disciplinary action up to and including termination of employment. I also understand that my request for an accommodation may not be granted if it is not reasonable, if it poses a direct threat to the health and/or safety of others in the workplace and/or to me, or if it creates an undue hardship on the Company. I further certify that the foregoing information provided in support of my request for a religious exemption from the COVID-19 vaccination is true, correct, and based upon sincerely held religious

principle, practice, tenet, or belief and are not based on the grounds of social, political or economic preferences, personal philosophy, or inconvenience.

Employee signature: _George Saga_

Date: _11/25/21_

Print Name: _George Saga_

## Saqa, George

| | |
|---|---|
| **From:** | Libutti, Julie |
| **Sent:** | Monday, December 6, 2021 4:22 PM |
| **To:** | Saqa, George |
| **Subject:** | [Highly Restricted] RE: Request For Religious Exemption/Accommodation Related to FM Global's COVID-19 Vaccination Policy |
| **Attachments:** | Religious Accommodation Denial Letter - G Saqa.pdf |

Hello George- I am sorry I missed you today for our call.  In an effort to get you information quickly, please find attached a letter summarizing the company's decision on your request.

I am available and will answer any questions that I can.

Thank you for your cooperation,
Julie

**Julie J. Libutti** | Manager, HR Business Partners
FM Global | 270 Central Ave. | Johnston, RI 02919 USA | T: +1 (1)401 415 2232 | M: +1 (1)401 932 3858



*This electronic transmission is the property of Factory Mutual Insurance Company and its affiliates. It may contain information confidential in nature or subject to legal privilege. It is intended strictly for the use of the recipient(s) identified above. Disclosure, copying, distribution or use of the contents of this transmission by anyone other than the intended recipient(s) is strictly prohibited. If you have received this message in error, please notify me by reply email and delete the original transmission.*

**From:** Saqa, George <george.saqa@fmglobal.com>
**Sent:** Thursday, November 25, 2021 1:03 PM
**To:** Libutti, Julie <julie.libutti@fmglobal.com>
**Subject:** RE: Request For Religious Exemption/Accommodation Related to FM Global's COVID-19 Vaccination Policy

Hello Julie—Happy Thanksgiving!

Please see the attached questionnaire letter requiring additional information regarding my religious exemption/accommodation request.  Thanks..

Regards,

**George Saqa** | Jurisdictional Consultant
FM Global | 300 Kimball Drive, Suite 200 | Parsippany, NJ 07054
**T:** 973-541-6718 | **M:** 732-266-9859 | **E:** george.saqa@fmglobal.com

1



FM Global

_Personal & Confidential_

**Sent Via E-Mail**
George Saqa

December 6, 2021

Dear George:

This is to confirm our conversation today regarding your religious accommodation request
submitted to Factory Mutual Insurance Company/FM Global.

On November 12, 2021, you requested a religious exemption/accommodation related to FM
Global's COVID-19 Vaccination Policy (**Policy**). At that time, you were provided a
Medical/Religious Exemption/Accommodation Request Form to complete, which
you submitted to my attention.  Subsequently, the company requested additional information
which you returned on November 17, 2021.

After careful review, the Company has determined that you have not shown a satisfactory
basis for an accommodation on religious grounds and the request is therefore denied.

This concludes the process for consideration of your request for reasonable
accommodations. As you know, FM Global has made full vaccination[1] against COVID-19 a
condition of employment for all U.S. employees and workers effective January 4, 2022. In
connection with the Policy, you are required to upload proof of vaccination against COVID-19
to AllOne Health.

We hereby formally notify you that you are out of compliance with the Policy. Therefore, you
have until **December 13, 2021**, to begin a full course of vaccination against COVID-19. If you
have not begun a full course of vaccination against COVID-19 by December 13, 2021, your
employment will be terminated effective **January 4, 2022**.

If you have  lost  the  link previously  provided  to  you to  upload  your  proof  of
vaccination to AllOne Health, you can contact Service Desk, Global.

We respectfully remind you of your ongoing obligations under Company policies, including the
Code of Conduct and Information Security policies.

Please contact me or your manager if you have any questions.

Sincerely,

Julie J. Libutti
Manager, Human Resources Business Partners

CC Ray Ceccarelli

**DARYL J. KIPNIS, ESQ. (NJ & PA)**



## KIPNIS
L A W   O F F I C E S

<table>
<tr><td><u>MAIN OFFICE (ALL CORRESPONDENCE)</u><br>280 MEDFORD-MT. HOLLY RD.<br>MEDFORD, NJ 08055</td><td><u>CENTRAL NJ OFFICE</u><br>220 DAVIDSON AVE. 3ʀᴅ FL. STE 3C<br>SOMERSET, NJ 08873</td></tr>
</table>

Phone: 732-595-5298
Fax: 732-412-7925
Email: daryl@kipnislawoffices.com

**December 9, 2021**

**VIA EMAIL** julie.libutti@fmglobal.com
FM Global
Julie J. Libutti, Manager, HR Business Partners
270 Central Ave.
Johnston, RI 02919

## RE: RELIGIOUS EXEMPTION REQUEST – EMPLOYEE: GEORGE SAQA

Dear Ms. Libutti:

Please be advised that the undersigned represents George Saqa, an employee of FM Global, presently working in the capacity of Jurisdictional Specialist in New Jersey, who just celebrated his 20th anniversary of service with the company. Other than occasions where Mr. Saqa visits insureds on their locations, his job is performed almost fully remotely. Kindly accept this correspondence in support of his request for reconsideration of FM Global's December 6, 2021 denial of his request for a religious exemption from its COVID-19 employee vaccine policy, in accordance with the First Amendment of the Constitution, Title VII of the Civil Rights Act of 1964, The New Jersey Law Against Discrimination, and as otherwise provided by law. Alternatively, same may be treated as a new request for same. Please note that my client does **NOT** intend to resign from or abandon his position.

My client's initial request was denied on the alleged basis of FM Global's determination as relayed in your email to him of December 6, 2021 that he "has not shown a satisfactory basis for an accommodation on religious grounds." Your letter also references a "conversation" with my client of that date which he advises did not occur. I have reviewed my client's initial submissions, as well as his responses to your November 17, 2021 questionnaire, and same did, in fact, articulate sincerely held religious beliefs against being vaccinated for COVID-19, or receiving any vaccination or immunization at all. In fact, my client indicated that he had neither received any vaccines nor taken any pharmaceutical drugs of any kind since he turned 18, consistent with those beliefs. However, to provide additional context, Mr. Saqa wishes to clarify that his religious identity and beliefs are rooted in Christianity, although he is not affiliated or associated with any particular organized religion, church, or religious organization.

# EXHIBIT "D"

Mr. Saqa has sincerely held religious beliefs concerning the sanctity of his person as created in the perfect image of God, and against the desecration, invasion and/or alteration thereof, which includes being compelled to undergo any unwanted medical procedure or receive a vaccine or injection against his will which would introduce substances he believes to be unholy into his body, or otherwise permanently alter it, its immune system, or any other part thereof from the state as created by God, and therefore the state to be returned to God upon death. He believes that all life is sacred, life begins at conception, and that God did not make any mistakes when He created humanity or any other life on Earth, and therefore objects to all immunizations.

He further objects to the use of aborted fetal cell lines, genetically modified and/or artificially preserved or "immortalized" human cell lines, viral vector technology, mRNA genetic modification technology, and spike protein technology used either as part of the process of developing the various COVID-19 vaccines, or for any other purpose, as anathema to his beliefs in the holiness and perfection of God's Creation and divine providence. Mr. Saqa does not and will not use any product he knows to have been produced with those elements or methods accordingly.

He cites to the Bible verses of 1 Corinthians 3:16-17 "Don't you know that you yourselves are God's temple and that God's Spirit lives in you? If anyone destroys God's temple, God will destroy him; for God's temple is sacred and you are that temple," and Corinthians 6:19-20 "Or do you not know that your body is a temple of the Holy Spirit within you, whom you have from God? You are not your own; You are bought at a price" which are of the utmost importance to his religious identity and experience.

He further cites to Deuteronomy 32:39, Exodus 15:26 and 20:13, Leviticus 5:2; & 17:11 Psalm 139:13-16, Jeremiah 1:5, Psalm 103:3-5, Psalm 127:3-5, Luke 16:13, Proverbs 6:16-19 and 30:5, John 3:16, Romans 14:5 and 14:12 and Psalm 22:10 as consistent with those beliefs, which are completely religious in nature rather than philosophical and/or conscientious. Consistent with same, his faith in God and Jesus Christ affirms his belief in the power of prayer and natural remedies as the primary immediate means of healing illnesses and injuries, seeking medical and/or pharmaceutical intervention with the guidance and blessing of God only when necessary.

For the reasons set forth above, it is undisputed that Mr. Saqa is unable to be vaccinated for COVID-19, or receive any other vaccine, without substantial and irreparable infringement to his sincerely held religious beliefs and the free exercise thereof.

As stated previously, my client is amenable to reasonable, mutually acceptable accommodations in connection with his request, including, but not limited to: non-invasive COVID-19 testing at reasonable intervals, use of a face covering, social distancing, and following any other applicable safety protocols, which would not create any undue hardship to FM Global's operations as defined by the EEOC, or otherwise put others at risk. My client tremendously values the time he has spent working at FM Global and the opportunity he has been given to do so over the past 20 years, as well as his working relationships with his team members and clients. He would like nothing more than to be able to continue his career with his religious beliefs respected.

You are further advised that nothing contained herein, or on any documents(s) or electronic submission(s) my client either has been or will be asked to complete, sign and/or submit in connection with his instant request or as part of any "interactive process" shall in any way constitute a waiver of any legal right(s) he may have to be represented by counsel, to seek a religious exemption or accommodation from any requirement of his employment that conflicts with his sincerely held religious beliefs, or otherwise with respect to his right to seek legal relief from any wrongful denial of such exemption or accommodation.

In light of the foregoing, kindly confirm that my client's request is now approved in accordance with law. Thank you for your time, consideration, and cooperation.

Very truly yours,
KIPNIS LAW OFFICES

DARYL J. KIPNIS
DJK/DK

**I have participated in the preparation of this request, and have signed same to affirm the content thereof is a true and accurate reflection of my sincerely held religious beliefs for which the requested religious accommodation is sought in accordance with law.**

George Saqa

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **524-2022-00663** |

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. George Saqa | (732) 266-9859 | |

Street Address

185 W HIGH ST

BOUND BROOK, NJ 08805

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY | 501+ Employees | |

Street Address

PO Box 7500 270 Central Avenue

PROVIDENCE, RI 02919

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Religion | 01/04/2022 | 01/04/2022 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

  I was employed in the position of Jurisdictional Inspector. This employer requested employees to obtain the Covid Vaccinate. I requested a religious accommodation and provided all documentation. I was notified by this employer that my request was denied. I was further noticed that due to my noncompliance of the Covid Vaccine policy, I was discharged effective January 4, 2022. I believe that I was discriminated against because of my religion, by being denied a religious accommodation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. George Saqa**<br>**03/03/2022**<br><br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EXHIBIT "E"

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Newark Area Office**
283-299 Market St, Suite 1703
Newark, NJ 07102
(862) 338-9410
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/23/2022

**To:** Mr. George Saqa
185 W HIGH ST
BOUND BROOK, NJ 08805
Charge No: 524-2022-00663

EEOC Representative and email:    Nicole Zamudio
Investigator
nicole.zamudio@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 524-2022-00663.

On behalf of the Commission,

JOHN WALDINGER
Digitally signed by JOHN WALDINGER
Date: 2022.09.23 11:05:06 -04'00'

JOHN WALDINGER
Area Office Director

**Cc:**
Alexsa  Marino
FM Global
270 CENTRAL AVE ALEXSA MARINO@FMGLOBAL COM
Johnston, RI 02919

Gregory  Henninger
Littler Mendelson PC
1 FINANCIAL PLZ STE 2000
Providence, RI 02903

Jillian  Folger-Hartwell
Littler Mendelson
1 Financial Plz STE 2000
Providence, RI 02903

Daryl  Kipnis
Kipnis Law Offices
280 Medford-Mt. Holly Rd
MEDFORD, NJ 08055

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 524-2022-00663 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-002199-22**

**Case Caption:** SAQA GEORGE  VS FACTORY MUTUAL INSUR ANCE CO.

**Case Initiation Date:** 12/22/2022

**Attorney Name:** DARYL J KIPNIS

**Firm Name:** KIPNIS LAW OFFICES

**Address:** 280 MEDFORD-MT. HOLLY RD.

MEDFORD NJ 08055

**Phone:** 7325955298

**Name of Party:** PLAINTIFF : Saqa, George

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? YES**

**Are sexual abuse claims alleged by: George Saqa? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/22/2022

Dated

/s/ DARYL J KIPNIS

Signed

# EXHIBIT 2

GEORGE SAQA

Plaintiff

vs

FACTORY MUTUAL INSURANCE COMPANY D/B/A FM GLOBAL

Defendant

20230627091209

Superior Court Of New Jersey

MORRIS  Venue

Docket Number: MRS L 2199 22

**Person to be served** (Name and Address):
FACTORY MUTUAL INSURANCE COMPANY D/B/A FM GLOBAL
300 KIMBALL DR.
PARSIPPANY-TROY HILLS  NJ  07054
**By serving:** FACTORY MUTUAL INSURANCE COMPANY D/B/A FM GLOBAL

**Attorney:** DARYL J. KIPNIS, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, CERTIFICATION, EXHIBITS

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**     [X] Served Successfully      [ ] Not Served

Date/Time:     6/27/2023 1:42 PM     _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

MARIA TAGUSA

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:F___   AGE:36-50   HEIGHT: 5'4"-5'8"     WEIGHT: 131-160 LBS.     SKIN:WHITE       HAIR:BROWN     OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:              Date/Time: _____
                                 Date/Time: _____
                                 Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available
Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____   _____
     Name of Notary              Commission Expiration

**Docusign Court Approved E-Signature**

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*NICHOLAS CIULLO*

_____     06/27/2023
Signature of Process Server            Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT 3

Filing Fee: $70.00

ID Number: _**78740**_



**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
Office of the Secretary of State
Corporations Division
100 North Main Street
Providence, Rhode Island  02903-1335

**FILED**

FEB 0 5 2003

By: 0200314506

**BUSINESS CORPORATION**

—————

**RESTATED ARTICLES OF INCORPORATION**

Pursuant to the provisions of Section 7-1.1-59 of the General Laws, 1956, as amended, the undersigned corporation adopts the following Restated Articles of Incorporation:

1.  The name of the corporation is   **Factory Mutual Insurance Company**

2.  The period of its duration is (if perpetual, so state)    Perpetual

3.  The specific purpose or purposes which the corporation is authorized to pursue are:

    see Section 2. attached

4.  The aggregate number of shares which the corporation has authority to issue is:

    (a) *If only one class:* Total number of shares  N/A                  (If the authorized shares consist of one class only state the par value of such shares or a statement that all of such shares are to be without par value.):
    per Section 5 this a member corporation (see attached)

    *or*

    (b) *If more than one class:* Total number of shares of all classes of stock _____ (State (A) the number of shares of each class thereof that are to have a par value and the par value of each share of each such class, and/or (B) the number of such shares that are to be without par value, and (C) a statement of all or any of the designations and the powers, preferences and rights, including voting rights, and the qualifications, limitations or restrictions thereof, which are permitted by the provisions of Chapter 7-1.1 of the General Laws, 1956, as amended, in respect of any class or classes of stock of the corporation insofar as the same are fixed in the articles of incorporation, and a statement of any authority vested in the board of directors to establish series and fix and determine the variations in the relative rights and preferences as between series.):

Approved by: _____
             Marilyn Shannon McConaghy
             Director
Dated:       January 9, 2003

Form No. 102
Revised: 01/99

5. Existing provisions, if any, dealing with the preemptive right of shareholders pursuant to § 7-1.1-24 of the General Laws, 1956, as amended:

N/A

6. Existing provisions, if any, for the regulation of the internal affairs of the corporation are:

See Section 6 attached

7. The restated articles of incorporation correctly set forth without change the corresponding provisions of the articles of incorporation, as heretofore amended, and supersede the original articles of incorporation and all amendments thereto.

8. As required by Section 7-1.1-59 of the General Laws, the corporation has paid all fees and franchise taxes.

9. Date when restated articles of incorporation are to become  30 January 2002
(not prior to, nor more than 30 days after, the filing of restated articles)

Date:  3 January 2003                    Factory Mutual Insurance Company
                                         Print Corporate Name

By _____
   ☐ President   or   ☑ Vice President      (check one)

                              AND
By _____
   ☐ Secretary   or   ☑ Assistant Secretary   (check one)

STATE OF _Rhode Island_
COUNTY OF _Providence_

In _Johnston, R.I._, on this _3rd._ day of _January_, _2003_, personally appeared before me _Mr. Wester & Mr. Lemieux_ who, being by me first duly sworn, declared that ~~he/she the~~ are is the _Vice Pres. & Asst. Sec._ of the corporation and that ~~he/she~~ they signed the foregoing document as such officer of the corporation, and that the statements herein contained are true.

_Linda S. Farrell-Wojcik_
Notary Public                    My Commission Expires February 5, 2006
My Commission Expires:_____

# EXHIBIT 4

RI SOS   Filing Number: 201900721510    Date: 7/1/2019 11:38:00 AM



State of Rhode Island and Providence Plantations
**Department of State - Business Services Division**

RECEIVED
SECRETARY OF STATE
CORPORATIONS DIV

2019 JUL -1  AM 11: 38 STAMP

# Fictitious Business Name Statement
DOMESTIC or FOREIGN Business Corporation

→ Filing Fee: $50 00

Pursuant to the provisions of RIGL 7-1.2-402, the undersigned business corporation hereby submits the following statement for authority to transact business in the state of Rhode Island under a fictitious business name:

| 1. Entity ID Number | 2. Exact Name of the Corporation |
|---|---|
| 000078740 | **Factory Mutual Insurance Company** |

3. List the fictitious business name to be used:

**FM Global**

| 4. List the state or country the entity is incorporated: | 5. List the date of incorporation: |
|---|---|
| **Rhode Island** | **31 October 1835** |

6. List the address of its registered office within Rhode Island:

| Street Address | | |
|---|---|---|
| **270 Central Avenue** | | |
| City | State | Zip |
| **Johnston** | **RHODE ISLAND** | **02919** |

7. List the business in which it is engaged:

**Insurance and engineering services and other ancillary services.**

8. Applicant is otherwise authorized to do business in the state of Rhode Island.

*Under penalty of perjury, I declare and affirm that I have examined this Fictitious Business Name State and that the information contained herein is true and correct.*

| Name of Authorized Officer of the Corporation | Date |
|---|---|
| **Omar Hameed, Vice President** | **28 June 2019** |

Signature of Authorized Officer of the Corporation

SIGN DOCUMENT HERE

**MAIL TO:**
**Division of Business Services**
148 W. River Street, Providence, Rhode Island 02904-2615
Phone: (401) 222-3040
Website: www.sos.ri.gov

FILED  11:38

JUL 0 1 2019  STAMP

BY C8SJR

**If you have any questions, please call us at (401) 222-3040, Monday through Friday, between 8:30 a.m. and 4:30 p.m., or email corporations@sos.ri.gov.**    FORM 624 Corporation - Revised  06/2016

RI SOS   Filing Number: 201900721510     Date: 7/1/2019 11:38:00 AM



State of Rhode Island and Providence Plantations
**Department of State | Office of the Secretary of State**
**Nellie M. Gorbea,** *Secretary of State*

I, NELLIE M. GORBEA, Secretary of State of the State of Rhode Island

and Providence Plantations, hereby certify that this document, duly executed in

accordance with the provisions of Title 7 of the General Laws of Rhode Island, as

amended, has been filed in this office on this day:

July 01, 2019 11:38 AM

Nellie M. Gorbea
*Secretary of State*



# EXHIBIT 5



# 2021 Merit Confirmation Statement

| Employee ID | 50969 |
|---|---|
| Name | Saqa, George E |
| Cost Center | 903 Inspection Servicing-New York |

| | Effective Date | Amount | Percent |
|---|---|---|---|
| Merit | April 1, 2021 | 2,842.33 | 3.00% |
| Promotion | April 1, 2021 | 5,000.00 | 5.12% |

| | Before | After |
|---|---|---|
| Job Title | 000896 - Jurisdictional Consultant II | 000897 - Jurisdictional Specialist |
| Grade | 12 | 14 |
| Currency | USD | USD |
| Salary | 94,744.47 | 102,586.80 |
| Compa Ratio | 1.12 | 0.96 |

| Salary Range | | |
|---|---|---|
| Minimum | 67,824.00 | 85,104.00 |
| Midpoint | 84,672.00 | 106,380.00 |
| Maximum | 101,628.00 | 127,656.00 |

Mar 31, 2021 3:24 PM